**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

MECHEE N. WILSON,

     Plaintiff,

v.                          Civil Action No. 3:04cv823

THE MAY DEPARTMENT STORES
COMPANY, d/b/a HECHT'S,

     Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on the plaintiff's Motion to Amend Complaint (Docket No. 15). Having considered the motion, the supporting memorandum,[1] and the response thereto, the plaintiff's motion will be denied.

**STATEMENT OF FACTS**

The original Complaint in this action was filed on November 8, 2004 and an Amended Complaint was filed on November 15, 2004. By Order entered February 10, 2005, the matter was set for a pretrial conference on March 17, 2005. The Scheduling Order was entered on February 10, 2005 and, in paragraph two, it required the parties to file, within fifteen days thereafter, any motions to amend the pleadings. Paragraph two also provided that "[a]ny such motions

---

[1] The supporting memorandum erroneously asserts in its caption and in some subheadings that the Amended Complaint proposes to add a claim for fraud. That clearly is incorrect given the text of the motion and the text of the supporting memorandum which seeks permission to add a claim under the Family Medical Leave Act. Also, the defendant's response addresses the proposed Family Medical Leave Act claim and not a claim of fraud.

filed thereafter will be entertained only upon a showing of good cause."

The defendant served its disclosures under Fed. R. Civ. P. 26 on February 8, 2005 and the parties thereafter exchanged and responded to interrogatories and requests for production of documents in March 2005.  On March 2, 2005, the defendant's Motion for a Physical Examination of the plaintiff was granted.  The plaintiff's deposition was conducted on April 1, 2005.

On March 17, 2005, the pretrial conference was conducted and the case was set for trial before a jury on July 6, 2005.  By virtue of the Scheduling Order (Pretrial Schedule A attached thereto), the discovery cutoff in this case was established for May 22, 2005 and the deadline for filing summary judgment motions was May 27, 2005.  By Order entered on March 18, 2005, the matter was referred to a Magistrate Judge for settlement conference and the settlement conference was scheduled for May 13, 2005.

On April 18, 2005, the plaintiff filed a Motion to Amend Complaint to add a claim under the Family Medical Leave Act.  The defendant opposes the filing of this Amended Complaint, the plaintiff's second amendment.

## DISCUSSION

Leave to amend pleadings under Fed. R. Civ. P. 15 is to be liberally afforded.  However, the Scheduling Order in this case set a time for the filing of amended pleadings and provided that any

motion to file amended pleadings thereafter would have to be supported by a showing of good cause.  Neither the motion, the supporting memorandum, nor the supporting affidavit show good cause for the filing of yet another Amended Complaint.  As the defendant correctly argues, all of the facts which form the basis for the proffered second amendment were known at the time that this action was filed and at the time the first Amended Complaint was filed.  The record discloses no reason why the Family Medical Leave Act was not included in the original Complaint or the first Amended Complaint, notwithstanding that the facts on which the Family Medical Leave Act claim are based largely appear in both of those documents.

Here, the motion for the second amendment of the Complaint was filed after the parties had exchanged Rule 26 disclosures, after interrogatories and requests for production of documents had been exchanged, after a physical examination of the plaintiff had been ordered, and after the plaintiff had been deposed.  Under those circumstances, the defendant is correct to assert that it is prejudiced by the delayed filing of an amendment to assert a claim, the basis for which was evident at the time the case was filed originally or within a week thereafter at the latest.  Moreover, where there is no showing of good cause, the amendment cannot be allowed.

Accordingly, the Motion for Leave to Amend Complaint (Docket No. 15) is denied.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is so ORDERED.


_____   _____/s/_____
                                   Robert E. Payne
                                   United States District Judge


Richmond, Virginia
Date:_____